IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEITH CAMPBELL, | § | |
| | § | |
| Defendant Below, | § | No. 26, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1411008699 (N) |
| | § | |
| Appellee. | § | |

Submitted: March 18, 2022
Decided: April 28, 2022

## <u>ORDER</u>

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Keith Campbell, filed this appeal from a Superior Court order denying his motion to correct an illegal sentence. The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Campbell's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that, in October 2015, Campbell pled guilty to first-degree assault, second-degree assault, second-degree conspiracy, and possession of

a firearm by a person prohibited ("PFBPP"). The charges arose from a shooting in which two people were injured. According to the plea agreement, Campbell faced a ten-year minimum sentence for PFBPP under 11 *Del. C.* § 1448(e)(2)c. At the time of Campbell's crimes, this section provided that a person prohibited who negligently caused serious physical injury with a firearm would receive a ten-year minimum sentence if that person had "been convicted on 2 or more separate occasions of any violent felony."[1]

(3) On December 9, 2015, Campbell's counsel filed a motion to withdraw the guilty plea. The State opposed the motion. In April 2016, Campbell's counsel updated the motion to state that he had incorrectly advised Campbell he faced a ten-year minimum sentence for PFBPP when in fact he faced a six-year minimum sentence for PFBPP (presumably under Section 1448(e)(2)b, which provided for a six-year minimum sentence for a person prohibited who negligently caused serious physical injury with a firearm within ten years of a violent felony conviction) because his two previous violent felony convictions occurred on one occasion, not two occasions.

(4) On April 21, 2016, the Superior Court denied Campbell's motion to withdraw his guilty plea.[2] The court agreed that Campbell's two previous felony

---

[1] 11 *Del. C.* § 4214(e)(2)(c) (effective July 4, 2014 to December 31, 2016).
[2] *State v. Campbell*, 2016 WL 1755668 (Del. Super. Ct. Apr. 21, 2016).

2

convictions occurred on one occasion, and found that Campbell faced a five-year minimum sentence (presumably under Section 1448(e)(1)b, which provided for a five-year minimum sentence for a person prohibited who had a violent felony conviction within the last ten years), instead of a ten-year minimum sentence for PFBPP.[3] The court found this was not a basis for withdrawal of the guilty plea, concluding that Campbell would not have chosen to proceed to trial had he known he faced a lesser minimum sentence.[4] The Superior Court sentenced Campbell as follows: (i) for PFBPP, five years of Level V incarceration; (ii) for first-degree assault, five years of Level V incarceration; (iii) for second-degree assault, eight years of Level V incarceration suspended after two years for two years of Level III probation; and (iv) for second-degree conspiracy, two years of Level V incarceration suspended for one year of Level III probation.

(5) Campbell did not appeal, but did file a motion for postconviction relief under Superior Court Criminal Rule 61. He argued, among other things, that his counsel was ineffective for misinforming him about the minimum sentence for PFBPP. The Superior Court denied the motion. Campbell filed an untimely notice of appeal that this Court dismissed.[5] The Superior Court summarily dismissed Campbell's second and third motions for postconviction relief.

---

[3] *Id.* at *2.
[4] *Id.*
[5] *Campbell v. State*, 2018 WL 500130, at *1 (Del. Jan. 19, 2018).

(6) On October 5, 2021, Campbell filed a motion to correct an illegal sentence and a motion to withdraw his guilty plea. He argued that his five-year PFBPP sentence was illegal and sought resentencing so that he could move to withdraw his guilty plea and enter into a new plea or proceed to trial. The Superior Court denied the motions, finding that it had previously addressed the arguments raised. This appeal followed.

(7) In his opening brief, Campbell argues that the Superior Court erred in denying his motion for correction of illegal sentence because he had not raised the illegality of the PFBPP sentence before and he cannot serve a five-year minimum sentence under a statute, 11 *Del. C.* § 1448(e)(2)c, that requires a ten-year minimum sentence. He contends that the illegal PFBPP sentence renders his guilty plea void, and asks this Court to reverse and remand the matter to the Superior Court with instructions to sentence him under a new plea agreement. This Court reviews the denial of a motion for correction of illegal sentence for abuse of discretion.[6] We review questions of law *de novo.*[7]

(8) The narrow function of a motion for correction of illegal sentence "is to permit correction of an illegal sentence, not to re-examine errors occurring at the

---

[6] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[7] *Id.*

4

trial or other proceedings prior to the imposition of sentence."[8]  Although Campbell calls his motion a motion to correct an illegal sentence, he does not seek to increase his PFBPP sentence to at least six years as required by Section 1448(e)(2)b.  Instead, he seeks to set aside his PFBPP conviction and withdraw his guilty plea.  Such a claim must be brought in a motion for postconviction relief under Rule 61, not a motion for correction of illegal sentence under Rule 35.[9]  Campbell cannot avoid the procedural bars of Rule 61(d)(2) by recasting his Rule 61 claims as Rule 35 claims.  The Superior Court previously addressed Campbell's claims concerning his guilty plea[10] and did not err in denying his motion to correct an illegal sentence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[8] *Brittingham v. State*, 705 A.2d 577, 579 (Del. 1998) (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)).

[9] Super. Ct. Crim. R. 61(a)(2) (providing Rule 61 is exclusive means for challenging conviction). *See also Anderson v. State*, 2017 WL 446889, at *1 (Del. Jan. 20, 2017) (recognizing that "Rule 61, not Rule 35, is the exclusive remedy for a person seeking to set aside a judgment of conviction").

[10] *See supra* nn.3-4; *State v. Campbell*, No. 1411008699 (Del. Super. Ct. Oct. 27, 2017) (adopting commissioner's report that recommended denial of first Rule 61 motion based on, among other things, counsel's incorrect advice concerning the PFBPP sentence).